**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Email: cramunno@darcambal.com
By: Nada M. Peters, Esq.
By:  Christy A. Ramunno, Esq.
Attorneys for Defendant, Wal-Mart Stores East, LP
(improperly pled as Wal-Mart Stores, Inc. and Walmart)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER SANTARSIERO,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., WALMART, JOHN DOES 1-10 (Fictitious Names), ABC, INC., 1-10 (Fictitious Entities),<br><br>Defendants. | Civil Action No.:<br><br><br>**NOTICE OF REMOVAL** |

      Defendant, Wal-Mart Stores East, LP (improperly pled as Wal-Mart Stores, Inc. and Walmart) (hereinafter referred to as "Defendant")), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446.  Defendant appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it.  By way of providing the Court with the basis for Defendant's request for removal, Defendant respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant in such action:

      1.      <u>State Court Action</u>.  Plaintiff, Christopher Santarsiero ("Plaintiff"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Monmouth

County, New Jersey, on or about May 27, 2021, in a matter pending as docket number MON-L-001717-21. Copies of all process, pleadings, and orders received by Defendant are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2.	<u>Allegations in the Complaint</u>.  In the Complaint, Plaintiffs assert claims against Defendant for negligence alleging that Plaintiff was injured at a Walmart store in Howell, New Jersey, and he suffered severe and permanent injuries. The Complaint does not allege the amount of damages being claimed.  <u>See</u> **Exhibit A**.

3.	<u>Defendants</u>.  Other than fictitious defendants, Plaintiff has named no defendants other than Wal-Mart Stores East, LP (improperly pled as Wal-Mart Stores, Inc. and Walmart).

4.	<u>Federal Court Subject Matter Jurisdiction</u>.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendant, and in which the amount in controversy equals or exceeds $75,000.00.

Defendant, Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas.  Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. The Complaint asserts that Plaintiff is a citizen of New Jersey.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000.  The Complaint alleges that as a direct and proximate result of the negligence of

the Defendant, "the plaintiff was caused to sustain severe and permanent personal injuries, both internal and external; suffered great pain and will in the future continue to suffer great pain; was compelled to and will in the future be compelled to incur medical expenses and to expend large sums of money for payment of said medical expenses; has lost time from his occupation; was prevented from and will in the future be prevented from performing and/or engaging in his everyday activities and lifestyles; and sustained such other damages." (Ex. A, Complaint, Count 1 at ¶ 6 .) On June 2, 2021, Defendant's counsel sent Plaintiff's counsel correspondence requesting that Plaintiff stipulate that Plaintiff's damages are less than $75,000. (Attached hereto as **Exhibit B** is a true and correct copy of the June 2, 2021 letter and its enclosure.) To date, Plaintiff has not returned the stipulation.

While Defendant denies all liability to Plaintiff and denies that he is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint, the injuries alleged, and that the Stipulation of Damages has not been returned to Defendant's counsel, and upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendant respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiff's claims meet the jurisdictional limit of $75,000.

5.  <u>Timely Filing</u>.  The Summons and Complaint was served upon Defendant on May 27, 2021.  The case as stated in the Complaint does not provide enough information to determine whether the action is removable.  However, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) insomuch as it is filed within thirty (30) days of the date by which Defendant determined that Plaintiff would not stipulate that damages are less than $75,000 and Defendant ascertained that the case is one that is removable, as well as its receipt of the Complaint.

6. <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders received by Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. <u>Proper Venue</u>. Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Monmouth County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiffs and State Court</u>. Promptly upon filing this Notice of Removal with this Court, Defendant, through its undersigned counsel, will give written notice hereof to Plaintiff, per his counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Monmouth County, New Jersey.

9. <u>Relief Requested</u>. Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Monmouth County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant, Wal-Mart Stores East, LP, hereby removes this action, currently pending as Docket Number MON-L-001717-21 in the Superior Court of New Jersey, Law Division, Monmouth County, New Jersey.

Dated: June 25, 2021

/s/ Nada M. Peters
Nada M. Peters, Esq.
Christy Ramunno, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Wal-Mart Stores, Inc. and Walmart)

## **LOCAL CIVIL RULE 11.2 VERIFICATION**

Other than the action filed in the Superior Court of New Jersey, Law Division, Monmouth County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Wal-Mart Stores East, LP's, knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.


Dated:  June 25, 2021                             /s/ Nada M. Peters
                                                                                 Nada M. Peters, Esq.