# EXHIBIT A



# Service of Process Transmittal
05/27/2021
CT Log Number 539635823

| | |
|---|---|
| **TO:** | Kim Lundy Service Of Process<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in New Jersey** |
| **FOR:** | Wal-Mart Stores, Inc. (Former Name) (Domestic State: DE)<br>WALMART INC. (True Name) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Santarsiero Christopher, Pltf. vs. Wal-Mart Stores, Inc. , et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Answer and Interrogatories, Notice(s) |
| **COURT/AGENCY:** | Monmouth County Superior Court - Law Division, NJ<br>Case # MONL00171721 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 02/10/2015 - Township of Howell, County of Monmouth and State of New Jersey |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/27/2021 at 15:26 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you receipt, not counting the date you receipt (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jonathan A. Ellis<br>Law Office Of Herbert I. Ellis, P.C.<br>87 South Street<br>Freehold, NJ 07728<br>732-308-0200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/28/2021, Expected Purge Date: 06/02/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, May 27, 2021

**Server Name:** Drop Service

| Entity Served | WAL-MART STORES, INC. |
| --- | --- |
| Case Number | MONL00171721 |
| Jurisdiction | NJ |



**LAW OFFICE OF HERBERT I. ELLIS, P.C.**
Jonathan A. Ellis, Esq. – 087402014
87 South Street
Freehold, New Jersey 07728
Tel: (732) 308-0200
Fax: (732) 577-0100
*Attorney(s) for Plaintiff, CHRISTOPHER SANTARSIERO*

| | |
|---|---|
| CHRISTOPHER SANTARSIERO, | SUPERIOR COURT OF NEW JERSEY |
| | MONMOUTH COUNTY: LAW DIVISION |
| | DOCKET NO.: MON-L-001717-21 |
| Plaintiff(s), | |
| -vs- | **Civil Action** |
| WAL-MART STORES, INC., WALMART, JOHN DOES 1-10 (Fictitious Names), ABC, INC., 1-10 (Fictitious Entities) | SUMMONS |
| Defendants. | |

From The State of New Jersey To the Defendant(s) Named Above:

Name of Defendant to be Served:   Wal-Mart Stores, Inc by its registered agent, C T Corporation System
Address of Defendant to be Served:   820 Bear Tavern RD
West Trenton, NJ 08628

**The plaintiff** named above has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for the lawsuit. If you dispute this Third Party Complaint, you or your attorney must file a written answer or motion or proof of service with the Deputy Clerk of the Superior Court within thirty five (35) days from the date you received this summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided). If the complaint is one of foreclosure then you must file your written answer or motion or proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971 Trenton, NJ 08625. A filing fee* payable to the [Clerk of the Superior Court] Treasurer, State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appears above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is answered against you the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney or are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one the Lawyer Referral Services. A list of these numbers are provided.

/s/ Michele M. Smith

Dated: 05/26/2021

----------------------------------------------------------------
Michele M. Smith, Superior Court Clerk

Header:
| | | |
|---|---|---|
| ATLANTIC COUNTY<br>ATTN: Deputy Clerk<br>1201 Bacharach Blvd<br>Atlantic City, NJ 08401<br>Lawyer Referral: 609-345-3444<br>Legal Services: 609-348-4200 | GLOUCESTER COUNTY<br>ATTN: Deputy Clerk<br>1 North Broad Street<br>Woodbury, NJ 08096<br>Lawyer Referral: 856-848-4589<br>Legal Services: 856-964-2010 | **OCEAN COUNTY**<br>**ATTN: Deputy Clerk**<br>**118 Washington Street**<br>**Toms River, NJ 08753**<br>**Lawyer Referral: 732-240-3666**<br>**Legal Services: 732-341-2727** |
| BERGEN COUNTY<br>ATTN: Deputy Clerk<br>10 Main Street<br>Hackensack, NJ 07601<br>Lawyer Referral: 201-488-0044<br>Legal Services: 201-487-2166 | HUDSON COUNTY<br>ATTN: Deputy Clerk<br>595 Newark Avenue<br>Jersey City, NJ 07306<br>Lawyer Referral: 201-798-2727<br>Legal Services: 201-792-6363 | PASSAIC COUNTY<br>ATTN: Deputy Clerk<br>77 Hamilton Street<br>Paterson, NJ 07505<br>Lawyer Referral: 973-278-9223<br>Legal Services: 973-345-7171 |
| BURLINGTON COUNTY<br>ATTN: Deputy Clerk<br>49 Rancocas Road<br>Mt. Holly, NJ 08060<br>Lawyer Referral: 609-261-1088<br>Legal Services: 609-261-1088 | HUNTERDON COUNTY<br>ATTN: Deputy Clerk<br>65 Park Avenue<br>Flemington, NJ 08822<br>Lawyer Referral: 908-735-3611<br>Legal Services: 908-782-7979 | SALEM COUNTY<br>ATTN: Deputy Clerk<br>92 Market Street<br>Salem, NJ 08079<br>Lawyer Referral: 609-935-5629<br>Legal Services: 609-451-0003 |
| CAMDEN COUNTY<br>ATTN: Deputy Clerk<br>101 South Fifth Street<br>Camden, NJ 08103<br>Lawyer Referral: 856-964-4520<br>Legal Services: 856-964-2010 | MERCER COUNTY<br>ATTN; Deputy Clerk<br>209 South Broad Street<br>Trenton, NJ 08650<br>Lawyer Referral: 609-585-6200<br>Legal Services: 609-695-6249 | SOMERSET COUNTY<br>ATTN: Deputy Clerk<br>20 North Bridge Street<br>Somerville, NJ 08876<br>Lawyer Referral: 908-685-2323<br>Legal Services: 908-231-0840 |
| CAPE MAY COUNTY<br>ATTN: Deputy Clerk<br>9 North Main Street<br>Cape May, NJ 08210<br>Lawyer Referral: 609-463-0313<br>Legal Services: 609-465-3001 | MIDDLESEX COUNTY<br>ATTN: Deputy Clerk<br>1 JFK Square<br>New Brunswick, NJ 08903<br>Lawyer Referral: 732-828-0053<br>Legal Services: 732-249-7600 | SUSSEX COUNTY<br>ATTN: Deputy Clerk<br>43-47 High Street<br>Newton, NJ 07860 |
| CUMBERLAND COUNTY<br>ATTN: Deputy Clerk<br>Broad & Fayette Street<br>Bridgeton, NJ 08302<br>Lawyer Referral: 856-692-6207<br>Legal Services: 856-964-2010 | MONMOUTH COUNTY<br>ATTN: Deputy Clerk<br>71 Monument Park<br>Freehold, NJ 07728<br>Lawyer Referral: 431-5544<br>Legal Services: 732-866-0020 | UNION COUNTY<br>ATTN: Deputy Clerk<br>2 Broad Street<br>Elizabeth, NJ 07207<br>Lawyer Referral: 908-685-2323<br>Legal Services: 908-827-4769 |
| ESSEX COUNTY<br>ATTN: Deputy Clerk<br>50 West Market Street<br>Newark, NJ 07102<br>Lawyer Referral: 973-622-7753<br>Legal Services: 973-622-0063 | MORRIS COUNTY<br>ATTN: Deputy Clerk<br>10 Park Place<br>Morristown, NJ 07960<br>Lawyer Referral: 973-267-5882<br>Legal Services: 973-285-6911 | WARREN COUNTY<br>ATTN: Deputy Clerk<br>413 2nd Street<br>Belvidere, NJ 07823<br>Lawyer Referral: 973-267-5882<br>Legal Services: 973-475-2010 |

**LAW OFFICE OF HERBERT I. ELLIS, P.C.**
Jonathan A. Ellis, Esq. – 087402014
87 South Street
Freehold, New Jersey 07728
**Tel: (732) 308-0200**
**Fax: (732) 577-0100**
*Attorney(s) for Plaintiff, CHRISTOPHER SANTARSIERO*

| | |
|---|---|
| CHRISTOPHER SANTARSIERO, | SUPERIOR COURT OF NEW JERSEY |
| | MONMOUTH COUNTY: LAW DIVISION |
| | DOCKET NO.: MON-L- |
| Plaintiff(s), | |
| | |
| -vs- | <u>Civil Action</u> |
| | |
| WAL-MART STORES, INC., | COMPLAINT, JURY DEMAND, DESIGNATION |
| WALMART, JOHN DOES | OF TRIAL COUNSEL, RULE 4:5-1 |
| 1-10 (Fictitious Names), ABC, INC., | CERTIFICATION, DEMAND FOR ANSWERS |
| 1-10 (Fictitious Entities) | TO INTERROGATORIES AND NOTICE TO |
| | PRODUCE |
| Defendants. | |

Plaintiff, CHRISTOPHER SANTARSIERO, residing at 64 Ruffian Way, in the Township of Howell, County of Monmouth and State of New Jersey, by way of Complaint against the above-named defendants say:

**FIRST COUNT**

1. On or about February 10, 2015, plaintiff, CHRISTOPHER SANTARSIERO, was a legal business invitee on the premises owned by WAL-MART STORES, INC., in the Township of Howell, County of Monmouth and State of New Jersey when he was caused to fall due to a dangerous and unsafe condition of property, caused/created and/or maintained by the Defendants, WAL-MART STORES, INC., WALMART, JOHN DOES 1-5, AND ABC INC., 1-5.

2. Defendants, JOHN DOE 1-10 (fictitious names) and ABC, INC. 1-10 (fictitious entities) are fictitious names for persons, partnerships, and/or INC., whose true identities are

unknown at the present time. Plaintiffs reserve the right to amend this Complaint to properly name each and every John Doe and ABC INC. Defendant once its true identity is ascertained.

3. At the time and place aforesaid, it became the duty of the defendants, WAL-MART STORES, INC., WALMART, JOHN DOES 1-5, ABC INC., 1-5, their agents, servants, and/or employees, had custody and control of the premises and owed a duty to the Plaintiff to maintain said premises in a reasonable and safe condition for the use of persons lawfully thereon.

4. Defendants, WAL-MART STORES, INC., WALMART, JOHN DOES 1-5, ABC INC., 1-5, their agents, servants and/or employees, breached warranties to the Plaintiff that the premises would be safe for his use.

5. Defendants, WAL-MART STORES, INC., WALMART, JOHN DOES 1-5, ABC INC., 1-5, their agents, servants and/or employees, were negligent in that they created, maintained and allowed a hazardous condition to exist on said premises; failed to exercise reasonable care to keep the premises safe; and further maintained a nuisance. As a result thereof, plaintiff was caused to fall and sustain injuries and damages hereinafter set forth.

6. As a direct and proximate result of the negligence of the defendants, WAL-MART STORES, INC., WALMART, JOHN DOES 1-5, ABC INC., 1-5, the plaintiff was caused to sustain severe and permanent personal injuries, both internal and external; suffered great pain and will in the future continue to suffer great pain; was compelled to and will in the future be compelled to incur medical expenses and to expend large sums of money for payment of said medical expenses; has lost time from his occupation; was prevented from and will in the future be prevented from performing and/or engaging in his everyday activities and lifestyles; and sustained such other damages that will be ascertained through the discovery process and at the time of trial.

**WHEREFORE**, plaintiff, CHRISTOPHER SANTARSIERO, demands judgment in favor of the plaintiff and against the defendant, WAL-MART STORES, INC., WALMART, JOHN DOES 1-5, ABC INC., 1-5, for damages, interest and costs of suit, and any such other relief that may be deemed necessary be the Court.

### SECOND COUNT

1. Plaintiff, CHRISTOPHER SANTARSIERO, repeats and realleges each and every allegation contained in the First Count of this Complaint as if set forth at length herein.

2. Defendants, JOHN DOE 6-10 (fictitious names) and ABC INC., 6-10 (fictitious entities), their agents, servants, and/or employees, as aforesaid, are fictitious names for persons, partnerships, and/or INC., whose true identities are unknown at the present time, which were contracted by Defendants, WAL-MART STORES, INC., WALMART, JOHN DOES 1 through 5, ABC INC., 1 through 5, to maintain the premises in a reasonable and safe condition free from hazards and obstructions, for the use of persons lawfully thereon, as well as members of the general public.

3. Defendants, JOHN DOES 6-10 and ABC CORPORATIONS 6-10 (fictitious names/entities), their agents, servants, and/or employees, owed a duty to Plaintiff to maintain and/or construct said premises in a safe and proper manner so that the Plaintiff would receive no injuries therefrom.

4. Notwithstanding this duty, the defendants, JOHN DOE 6-10 (fictitious names) and ABC INC., 6-10 (fictitious entities), negligently operated, constructed, inspected, maintained and supervised and failed to provide necessary and reasonable warnings on the premises in question and

created an/or maintained a nuisance or dangerous condition upon the premises. As a result thereof, plaintiff was caused to fall and sustain injuries and damages hereinafter set forth.

5.  As a direct and proximate result of the negligence of the defendants, JOHN DOE 6-10 (fictitious names) and ABC INC., 6-10 (fictitious entities), the plaintiff was caused to sustain severe and permanent personal injuries, both internal and external; suffered great pain and will in the future continue to suffer great pain; was compelled to and will in the future be compelled to incur medical expenses and to expend large sums of money for payment of said medical expenses; has lost time from his occupation; was prevented from and will in the future be prevented from performing and/or engaging in his everyday activities and lifestyles; and sustained such other damages that will be ascertained through the discovery process and at the time of trial.

**WHEREFORE**, plaintiff, CHRISTOPHER SANTARSIERO, demands judgment in favor of the plaintiff and against the defendants, JOHN DOE 6-10 (fictitious names) and ABC INC., 6-10 (fictitious entities), for damages, interest and costs of suit.

THE LAW OFFICES OF
HERBERT I. ELLIS, P.C.

Dated: March 17, 2021    By: /s/ Jonathan A. Ellis
                         Jonathan A. Ellis, Esq.
                         *Attorney for Plaintiff, CHRISTOPHER SANTARSIERO*

## DEMAND FOR TRIAL BY JURY

Plaintiffs, CHRISTOPHER SANTARSIERO, hereby demands a trial by jury of the within action as to all involved issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Jonathan A. Ellis, Esq. is hereby designated as trial counsel on behalf of the plaintiffs.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that pursuant to R 4:5-1, to my knowledge and based on the information available to me at this time, the matter in controversy is not the subject of any another action pending in any court or of a pending arbitration proceeding and that no additional parties are known at this time who should be added.

THE LAW OFFICES OF
HERBERT I. ELLIS, P.C.

Dated: March 17, 2021

By: _/s/ Jonathan A. Ellis_
Jonathan A. Ellis, Esq.
*Attorney for Plaintiff, CHRISTOPHER SANTARSIERO*

## DEMAND FOR ANSWERS TO FORM "C AND C(2)" INTERROGATORIES

Demand is hereby made upon the Defendant(s) to furnish the Plaintiff(s) with complete certified answers to Uniform Form "C and C-2" interrogatories within the time period prescribed by the Rules of Court.

### Supplemental Interrogatories

1. State whether or not any person was caused to be injured in the general area where this accident occurred, including but not limited to the area containing pallets of bottled water, prior or subsequent to the Plaintiff's incident, setting forth the name of each individual involved, his or her address, and state, in depth, the particulars as to the facts surrounding any and all such accidents.

2. Set forth the name(s) of the party/parties responsible for maintaining the area and pallets where the alleged accident occurred, specifying the type of maintenance and stocking performed and the frequency with which it is performed.

3. If the area where the incident occurred been modified in any manner whatsoever over the past three (3) years, set forth the nature of such repair or alteration, the date said repairs were made, and the name of the person who made said repair and/or modification.

4. Describe the exact location where the accident occurred, giving distances from fixed objects.

5. If any report has been filed during the course of business concerning said accident, attach a true copy.

6. If you or anyone on your behalf has interviewed any person having knowledge of relevant facts concerning the occurrence of the accident or has been taken by anyone on your behalf as to the relevant facts, state the name and present address of each person, the date time and place of the interview was held or statement taken, and the present location of any written statement.

7. If this party or any of its agents, servants, and/or employees make routine inspections of the area where this accident occurred, set forth the title of the person performing said inspection and the frequency of same.

8. If any inspection was conducted of the scene of the incident subsequent to the date in question, state the date and time it was conducted, what the specific findings were, and as to whether any photographs were taken.

9. If you have received any correspondence from any other party, attach a true copy of each communication.

                                                  THE LAW OFFICES OF
                                                  HERBERT I. ELLIS, P.C.

Dated: March 17, 2021                  By: _____
                                                  Jonathan A. Ellis, Esq.
                                                  *Attorney for Plaintiff, CHRISTOPHER SANTARSIERO*

**LAW OFFICE OF HERBERT I. ELLIS, P.C.**
Jonathan A. Ellis, Esq. – 087402014
87 South Street
Freehold, New Jersey 07728
Tel: (732) 308-0200
Fax: (732) 577-0100
*Attorney(s) for Plaintiff, CHRISTOPHER SANTARSIERO*

| | |
|---|---|
| CHRISTOPHER SANTARSIERO, : | SUPERIOR COURT OF NEW JERSEY |
| : | MONMOUTH COUNTY: LAW DIVISION |
| : | DOCKET NO.: MON-L- |
| Plaintiff(s), : | |
| : | |
| -vs- : | <u>Civil Action</u> |
| : | |
| WAL-MART STORES, INC., : | NOTICE TO PRODUCE |
| WALMART, JOHN DOES : | |
| 1-10 (Fictitious Names), ABC, INC., : | |
| 1-10 (Fictitious Entities) : | |
| : | |
| Defendants. : | |

**PLEASE TAKE NOTICE THAT** pursuant to Rule 4:18-1, we hereby request that you produce at the Law Offices of Herbert I. Ellis, Freehold Executive Center, 87 South Street, First Floor, Freehold New Jersey 07728, within 30 days of the date hereof, the following:

1. Copies of any incident/accident reports signed by or prepared by the Defendants and/or Defendant's insurance company, related to this matter.

2. A copy of any documents containing the names, homes, and business addresses of all individuals contacted by Defendants and/or Defendant's counsel as potential witnesses.

3. All transcriptions and summaries of any interviews conducted by anyone acting on behalf of Defendants and/or Defendant's insurance carrier with any potential witness(es) and/or person(s) having knowledge of the incident or its surrounding circumstances.

4. All photographs and/or diagrams of the area and things involved in this incident.

5. All intra-office memoranda between representative of Defendant's carrier, and all memoranda to Defendant's insurance carrier's file concerning the manner in which this incident occurred and/or the injuries sustained by a party.

6. A copy of the face sheet of any policy of insurance providing coverage to the Defendants for the claim being asserted by Plaintiff(s) in this action.

7. All bills, reports, and records from any and all physicians, hospitals, or healthcare providers concerning the injuries sustained by any party as a result of this incident or occurrence.

8. All photographs, video tapes, and/or motion pictures of any and all surveillance of Plaintiff(s) performed by anyone acting on behalf of the Defendant's attorney or Defendant's insurance company.

9. All Worker's Compensation, medical work, or wage records relative to the Plaintiff(s) in this matter.

10. Your entire investigation file in this matter.

11. The reports of any and all experts who have reviewed any aspect of this case on behalf of the Defendants and/or Defendant's attorney who are proposed expert witnesses on behalf of the Defendants in this matter and who have submitted a report to either the Defendants and/or Defendant's attorney.

12. Copies of any and all agreements between Defendants and any other party in relation to the incident in question.

13. A complete copy of your entire insurance file with respect to the motor vehicle accident and/or incident in question.

14. Complete records of any cellular device used by Defendants on the day of the incident in question.

15. Your standard operating procedures regarding stocking of pallets.

16. All prior Complaints, lawsuits and/or claims involving the alleged area and/or pallet storage.

17. All documents regarding the cleanup for the area where the accident occurred for 48 hours prior to the incident.

This request is deemed to be continuing in that if any of the above is secured subsequent to the date herein for the production of same, said documents, photographs, statements, reports, etc., are to be provided to Plaintiff's counsel within thirty (30) days of receipt of same.

THE LAW OFFICES OF
HERBERT I. ELLIS, P.C.

Dated: March 17, 2021

By: _____
Jonathan A. Ellis, Esq.
*Attorney for Plaintiff, CHRISTOPHER SANTARSIERO*